## MATTER OF MUJAHID

### In Visa Petition Proceedings

### A-20929515

### Decided by Board January 13, 1976

(1) Under the law of Egypt, all that is required for a valid marriage is that the parties to the marriage contract be competent; that two male or one male and two female witnesses be present; and that the marriage be adequately publicized, as by registration. No other formalities or ceremonies are required, nor must the marriage be consummated. Since petitioner's marriage to beneficiary in Egypt, on September 2, 1974, appears to have met the foregoing requirements, it is found to have actually taken place, despite the absence of a wedding ceremony.

(2) Since petitioner's marriage to beneficiary on September 2, 1974, occurred before petitioner's divorce terminating his first marriage took effect (May 27, 1975), the marriage is not valid for the purpose of conferring preference classification on beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act, as amended.

ON BEHALF OF PETITIONER: Pro se

The lawful permanent resident petitioner applied for preference status for the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated October 30, 1975 the district director denied the petition on the ground that a prior marriage of the petitioner had not been legally terminated before his marriage to the beneficiary was celebrated. The petitioner has appealed from that decision. The appeal will be dismissed.

In support of his petition the petitioner, a native and citizen of Egypt, has submitted a certificate of marriage, which shows that the marriage took place on September 2, 1974 between parties who had reached maturity, that both parties and their legal guardians consented to the marriage, that two witnesses were present at the marriage, and that a copy of the marriage contract was issued to the Aldaily Office of Civil Registry, Cairo, Egypt. The petitioner has also submitted a copy of a divorce decree terminating his first marriage. The divorce judgment took effect on May 27, 1975, more than eight months after the marriage of the petitioner to the beneficiary.

The district director, citing *Matter of H—*, 9 I. & N. Dec. 640 (BIA 1962), denied the visa petition for the reason that, even if the marriage

is valid where celebrated, it is void as against public policy in the United States because it is a polygamous marriage and, therefore, cannot be recognized as valid marriage for immigration purposes.

It appears to us that the marriage in issue actually took place on September 2, 1974, before the petitioner was divorced from his first wife. Consequently, we agree with the district director that this marriage cannot be considered valid for immigration purposes. However, on appeal the petitioner asserts that it was his intention not to marry the beneficiary until his divorce from his first wife was final, both because of his understanding of the immigration law and because of his own principles. Therefore, when he was on vacation in Egypt in September 1974, although he signed the marriage contract, he did not have an "actual wedding." That wedding has evidently not taken place yet. Moreover, the petitioner did not file his visa petition until after the divorce from his first wife was final.

Having considered the petitioner's contentions, we find that his marriage to the beneficiary has actually taken place, despite the absence of a wedding ceremony. All that is required for a valid marriage in Egypt under Egyptian law is that the parties to the marriage contract be competent, that two male or one male and two female witnesses be present, and that the marriage be adequately publicized, as by registration. No other formalities or ceremonies are required, nor must the marriage be consummated. [1] These requirements appear to have been met. Moreover, if the marriage were not complete without a ceremony, as the petitioner contends, we would still have to deny his petition, as he would not have established the claimed relationship to the beneficiary.

For the foregoing reasons, we shall deny the petition. However, this is without prejudice to the filing of a new petition if the petitioner should again marry the beneficiary now that his divorce is final.

ORDER: The appeal is dismissed.

---

[1] "Some Aspects of Marriage under Egyptian Law, a memorandum prepared by Fred Karpf, Foreign Law Section of the Law Library, Library of Congress, 1956.